PHOENIX INSURANCE COMPANY OF HARTFORD, CONN., *v.* HUGH HAYNES.

Insurance—Valued Policy—Amount of Recovery.

In an action on a fire policy which is not a valued policy, the insurer is only bound to make good the amount of the loss, and it was error to instruct the jury that if the property was totally destroyed

and the finding is for the insured the verdict should be for the full
amount of the policy.

### Insurance—Valued Policy—Definition.

A valued policy is one in which the value of the property insured
has been agreed upon by the parties, and the agreement inserted
therein, such valuation being in the nature of liquidated demands,
and in case of total loss, no proof of actual damages is admissible.

### Insurance—Valued Policy—Presumption.

The presumption can not be indulged from the fact that the appli-
cant has inserted an estimated value of the property, that the policy
is a valued policy, thus closing all investigation as to the amount of
the loss, since a valued policy must be a matter of contract.

### APPEAL FROM TODD CIRCUIT COURT.

#### April 2, 1874.

### OPINION BY JUDGE LINDSAY:

By instruction No. 2, given on motion of appellee, the jury were,
in effect, told that if they found for the plaintiff they should find
the full amount for which all property totally destroyed was in-
sured. This was error. The policies sued on are not valued poli-
cies, and by their terms appellant was only bound to make good to
the insured. The immediate loss or damage sustained by fire, not
exceeding, in amount, the sum insured, which loss or damage was
to be estimated according to the actual cash value of the property
at the time of the loss.

A valued policy is one in which the value of the property insured
has been agreed upon by the parties, and the agreement inserted
therein. Such valuation is in the nature of liquidated demands,
and in case of a total loss, no proof as to actual damages is ad-
missible to fix the amount of recovery. In fact, insurance valued
policies are uncommon; and the presumption is not to be indulged
that the parties, by inserting the applicant's estimated value of the
property, intended thereby to close all investigation as to the
amount necessary to make good any loss that may be sustained.
A policy against fire may be valued where the parties choose so to
make it, but it must be made so by contract, and this contract must
be evidence by the language of the policy itself.

Where it appears that the insured and the insurer have estimated
the value of the property, it may be presumed that they intended to

conclude each other by such estimate. In these policies, the value of the property was estimated by the insured alone; and this fact appears upon the face of the applications. There is nothing in the policies tending to show that the insurer, in any way, participated in making up the estimates, nor that it attached any importance to them, except as a basis by which the premiums were to be fixed, and as the maximum amount it could be compelled to pay in case of a total loss.

It is evident from the face of the policies, that the insurer intended to be bound no further than to make good the losses and damages that might happen by fire, and that the agreement was that its losses or damages should be estimated, not according to the value fixed by the insured, but "according to the actual cash value of the property at the time of the loss."

We recognize the propriety of the rule of construction, subordinating printed to written portions of a contract; but as in this case the policies are consistent and harmonious throughout, that rule does not apply.

For the error in giving instruction No. 2, a new trial should have been awarded. Instruction No. 11, asked for by appellant, presents correctly the law of the case as to the measure of recovery, and should have been given.

We feel that it is proper, in view of the numerous instructions given on the trial, to suggest that the law upon all the issues involved might have been stated with greater perspicuity; and that the ends of justice are more likely to be attained when the law is given to the jury with system and precision, than when it is presented in numerous and disjointed fragments, as is frequently the case when the court attempts to select from, and reconciles, the instruction prepared by opposing counsel.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial upon principles consistent with this opinion.

*Barnett, Edwards,* for *appellant.*

*Petrie, Reeves,* for *appellee.*